JOSÉ ABRAHAM TORRES, Plaintiff and Appellee, *v.* JOAQUÍN DÍAZ, Defendant and Appellant.

No. 6396.   Argued May 8, 1934.—Decided May 24, 1934.

G. *López de Victoria* for appellant.   O. *Souffront* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from an order approving a memorandum of costs. The defendant in this case was adjudged to pay to the plaintiff $850 as damages, and costs. When the

judgment had become final upon its being affirmed by this Supreme Court (*Torres* v. *Díaz*, 45 P.R.R. 21), the plaintiff filed in the lower court his memorandum of costs which included several items totalling $29.75 and another item of $400 for attorney's fees, in all $429.75. The defendant opposed this memorandum only as to the amount claimed for attorney's fees, on the ground that it was excessive, but the lower court approved that item and the entire memorandum.

In support of this appeal, the appellant says that the award of $400 for attorney's fees is excessive in relation to the degree of obstinacy charged against him, to the amount involved, and to the nature of the suit.

The plaintiff alleged in his complaint that while driving in his automobile along a highway he came up to the truck of the defendant, both cars going in the same direction; that he blew his horn to pass and when the chauffeur of the truck motioned to him that he could pass he started to do so parallel to him, and that then the truck swerved toward the left thereby causing the plaintiff's car to go into the ditch and to suffer serious damage. The defendant was not traveling in his truck and answered that his vehicle had not collided with the automobile. That was the only fundamental controversy between the parties. It was a question of fact and a very simple one, as is shown by the opinion serving as a basis for the judgment which decided the case. There was a conflict in the evidence on that point and the lower court decided such conflict in favor of the plaintiff, with the consequent legal result, which offered no difficulty, of rendering a judgment for the plaintiff granting him the entire amount claimed, with costs.

In view of the above facts, we are of the opinion that the amount of $400 for attorney's fees fixed by the lower court is excessive, regard being had for the nature of the controversy, the amount involved, and the fact that the defendant had to base his defense on the information supplied by his chauffeur. In similar cases we have reduced

the amount of attorney's fees. *Rosa* v. *Díaz et al.,* 33 P.R.R. 192; *Besosa* v. *Norwich Union F. Ins. Soc.,* 36 P.R.R. 150. We believe that the sum of $200 for attorney's fees is a reasonable amount to be paid in the instant case.

The decision appealed from should be modified as to the amount of attorney's fees, which should be fixed at $200, and the total costs at $229.75, and, as thus modified, the order is affirmed.